

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2009

# Khalil v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Khalil v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1916.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1916

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2961
_____

AMR MOHAMMED KHALIL,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A79-701-674)
Immigration Judge: Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009

Before: RENDELL, FUENTES and NYGAARD, Circuit Judges

(Filed:February 5, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioner Amr Mohammed Khalil, a native and citizen of Egypt, entered the

United States on July 11, 2000 at New York, New York as a nonimmigrant visitor.  On

August 5, 2002, a Notice to Appear was filed in Immigration Court which charged that he

was removable under Immigration & Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who had remained in the United States for a time longer than permitted. His counsel sought and received a number of continuances to allow him the opportunity to have his labor certification approved. Finally, a hearing was held on February 15, 2006, and Khalil, through counsel, admitted the allegations contained in the Notice to Appear and conceded removability. Evidence relating to the adjudication of his labor certification was admitted before the Immigration Judge, who then granted a continuance until May 25, 2006. At the hearing on May 25, 2006, Khalil requested another continuance pending adjudication of the labor certification. In an oral decision dated that same day, the IJ determined that any further continuances were not warranted. The labor certification still was not approved, and the government would not consent to administrative closure. Khalil was ordered removed to Egypt.

Khalil appealed to the Board of Immigration Appeals, arguing that the IJ abused his discretion in denying another continuance. He later moved to remand when a labor certification and I-140 visa petition were approved, arguing that he was eligible to apply for adjustment of status. In support of the motion to remand, he submitted a Form I-797C, Notice of Action, indicating that he was the beneficiary of an approved Immigrant Petition for Alien Worker (Form I-140). In a decision dated October 10, 2007, the Board dismissed Khalil's appeal and denied his motion to remand. The Board concluded that the IJ had not abused his discretion in denying any further continuances, because the case

2

had been continued several times and the labor certification had not been approved.

As to the motion to remand, the Board found that, on April 30, 2001, the employer OSRIF filed a labor certification on behalf of another alien, and Khalil was substituted for that alien in February 2004. In June 2005, the employer Port Said Food and Halal Meat filed an application for a labor certification on Khalil's behalf. At this time an I-140 also was filed on his behalf and it was approved in April 2006 with a priority date of May 15, 2006. Based on these findings the Board made the following legal determinations. First, although the regulations provide that a beneficiary whose visa petition for labor certification was filed on or before April 30, 2001, and which was approvable when filed, would be deemed a "grandfathered" alien, 8 C.F.R. § 1245.10(a), (b), an alien who was substituted for the previous beneficiary will not be considered a grandfathered alien, 8 C.F.R. § 1245.10(j). Because Khalil was substituted in February 2004 for the previous beneficiary, he could not take advantage of the April 30, 2001 priority date and would not be deemed a grandfathered alien. Furthermore, the current cut-off date for employment-based visas was August 1, 2002. Because Khalil's priority date of May 15, 2006 was after the current cut-off date, a visa was not immediately available to him as required by statute, and he thus was not eligible to adjust his status.[1] A remand therefore was

---

[1] An alien who wishes to adjust his status to that of a lawful permanent resident but who entered the United States without inspection or parole must, under INA § 245(i), (1) submit an application; (2) pay a fee of $1,000; (3) be eligible "to receive an immigrant visa and [be] admissible to the United States for permanent residence; and (4) an immigrant visa [must be] immediately available to the alien at the time the application

unwarranted.

Represented by new counsel, Khalil filed a timely motion for reconsideration and motion to reopen. He attached to his motion to reopen an affidavit and correspondence from the Department of Labor, dated October 14, 2005, indicating that his current employer, Port Said Food's labor certification application was received on April 30, 2001. In a decision dated February 19, 2008, the motion to reconsider and reopen was denied. With respect to the timely motion for reconsideration, the Board concluded that Khalil had merely reiterated his previous arguments. But the Board had not overlooked any argument or aspect of the case, and thus reconsideration was not warranted. See Matter of Cerna, 20 I. & N. Dec. 399, 400 (BIA 1991). See also 8 C.F.R. § 1003.2(b)(1) (a "motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority").

With respect to Khalil's motion to reopen, the Board concluded that the October 14, 2005 DOL correspondence was available and could have been presented at the former hearing. See 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"). Moreover, Khalil had not shown that this evidence was material, see id., in light of evidence previously submitted reflecting that he was substituted for the previous

is filed." 8 U.S.C. § 1255(i).

4

beneficiary well after April 30, 2001. The Board noted that the evidence submitted with the motion to reopen conflicted with the evidence submitted to the IJ, and Khalil had not explained the discrepancy. The Board stated:

> The implication of the current motion is that the respondent himself was the original beneficiary of an April 30, 2001, filing by his current employer. However, his prior attorney submitted evidence indicating a different state of affairs. That earlier evidence reflected that the respondent's April 30, 2001, filing date resulted from his being substituted on the application of another individual and through a different employer. The respondent has not explained why the record would disclose this sequence of events if he was at all times the beneficiary of a qualifying petition.

(Board of Immigration Appeals Decision, 2/19/08, at 2.) The Board then noted that, as the current cut-off date for employment-based visas was now November 1, 2002, and Khalil's priority date of May 15, 2006, as shown on the I-797C, Notice of Action was after the current cut-off date, a visa was not immediately available to him, as required by INA § 245(i)(2)(B), 8 U.S.C. § 1255(i)(2)(B). Consequently, Khalil failed to establish prima facie eligibility for adjustment of status and a basis for granting the motion to reopen.

Khalil did not petition for review of the Board's February 19, 2008 decision. Instead, he filed another motion for reconsideration and motion to reopen pro se, essentially repeating his prior assertions, and asserting that he was eligible to apply for adjustment of status because his priority date would become current in the near future. In a decision dated June 10, 2008, the Board denied the motion to reopen as time and number-barred. 8 C.F.R. § 1003.2(c)(2). The Board further decided that Khalil had no

5

new evidence to justify reopening removal proceedings.[2] With respect to the motion for reconsideration, to the extent that it was timely, the Board denied it as an impermissible second motion for reconsideration, see 8 C.F.R. § 1003.2(b)(2). Moreover, the motion failed to specify any errors of fact or law in the Board's previous decision. In fact, Khalil's priority date still was not current. Khalil petitions for review of this decision.

We will deny the petition for review. As a threshold matter, we do not have jurisdiction to review the Board's February 19, 2008 decision, because Khalil did not file a timely petition for review of that decision. See 8 U.S.C. § 1252(b)(1) (providing for 30-day deadline in which to file petition for review); Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 398-99 (1995) (timely motion to reopen or reconsider does not toll running of filing period for review of Board's underlying removal order). The petition for review was filed on July 2, 2008, within thirty days of the Board's June 10, 2008 decision, but not within thirty days of the Board's February 19, 2008 decision. Therefore, the petition is timely only with respect to the June 10, 2008 decision.

The time limit for filing a petition for review is mandatory and jurisdictional. See McAllister v. U.S. Attorney Gen., 444 F.3d 178, 185 (3d Cir. 2006). Khalil contends in his informal brief that he is entitled to apply for adjustment of status based on the argument that, because his current employer Port Said filed a labor certification prior to

---

[2] The Board has the authority in the event of exceptional circumstances to reopen proceedings sua sponte without regard to the time and number limitations. See 8 C.F.R. § 1003.2(a).

6

April 30, 2001, he is eligible to take advantage of the "grandfathering" clause. However, this argument, the resolution of which required the Board to address conflicting evidence in the record, was directly addressed in the Board's February 19, 2008 decision, over which we lack jurisdiction. It was in that decision that the Board held that Khalil is not eligible to apply for adjustment of status pursuant to 8 U.S.C. § 1255(i), because he did not have an approvable labor certification filed on or before April 30, 2001. Our review, however, is limited to the Board's June 10, 2008 decision.

With respect to the Board's June 10, 2008 decision, our authority to review a final removal order of the Board arises under INA § 242(a), 8 U.S.C. § 1252(a). Review of the Board's denial of a motion to reopen and motion for reconsideration is for abuse of discretion only. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). See also Immigration & Nationality Serv. v. Doherty, 502 U.S. 314, 323 (1992). "Discretionary decisions of the [Board] will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law." Tipu v. Immigration & Nationality Serv., 20 F.3d 580, 582 (3d Cir. 1994) (internal quotations and citation removed).

We conclude that the Board did not abuse its discretion in denying Khalil's second motion to reopen and second motion for reconsideration. The Board correctly determined in denying the motion to reopen that it was time and number barred, 8 C.F.R. § 1003.2(c)(2). See also 8 U.S.C. § 1229a(c)(7). Only one motion to reopen is permitted, id., and this was Khalil's second, and since the Board's original decision was dated

7

October 10, 2007, the current motion, filed on March 13, 2008, was untimely in that it was not filed within 90 days of that decision, id. Furthermore, a "motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). The Board correctly determined that the second motion to reopen presented no new evidence.

For similar reasons, the Board did not abuse its discretion in denying the motion for reconsideration. An alien may file one motion to reconsider within thirty days of the date of the decision. 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(2). The regulations do not authorize an alien to seek reconsideration of a decision denying a previous motion to reconsider. 8 C.F.R. § 1003.2(b)(2). We further agree with the Board that there also was no basis for reconsidering the prior decision in that Khalil failed to specify any error of fact or law in the Board's previous decision. 8 C.F.R. § 1003.2(b)(1). To the contrary, Khalil still had not shown that his priority date for adjustment of status was current.[3]

For the foregoing reasons, we will deny the petition for review.

---

[3] The government has noted in its brief, see Appellee's Brief, at 13 n.1, that Khalil's priority date still is not current, see Department of State Visa Bulletin, Vol. IX, No. 1 (October 2008).